**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| | * | |
| v. | * | Civil No. – JFM-11-2794 |
| | * | Criminal No. JFM-08-0046 |
| | * | |
| TROY HENLEY | * | |
| | ****** | |

## MEMORANDUM

Troy Henley has filed a motion to vacate under 28 U.S.C. §2255.  The motion will be denied.

Henley had a jury trial, and he was convicted of conspiracy to commit robbery in violation of the Hobbs Act, two Hobbs Act robberies, and two counts of possession of a firearm in furtherance.  Judge Andre M. Davis, who presided over the trial, sentenced Henley to a total prison term of 456 months.  Henley appealed his conviction, and both his conviction and sentence were affirmed.

The evidence against Henley included the testimony of victim witnesses (who did not identify Henley), several accomplices of Henley, a long-time friend of Henley who testified that Henley told him that he made money by robbing gas stations, the testimony of Melvin Wider, a jailhouse snitch, who testified that Henley made various admissions to him, and cell site records that placed Henley's cell phone near the scenes of the charged robberies.

The various claims made by Henley in his motion may be summarily disposed of.

First, Henley alleges that his counsel was ineffective for not advising him concerning the nature of charges and the sentences he was facing.  The record is clear, however, that Judge

Davis himself advised Henley about the nature of the charges, including the concepts, *Pinkerton* and aiding and abetting liability, and the maximum penalties he faced.

Second, Henley's claim that his counsel was ineffective for not conducting a proper investigation is vague and not supported by a proffer of actual evidence, in the form of affidavits or otherwise.

Third, Henley alleges that his counsel was ineffective because counsel did not communicate to him the risks that he was facing by proceeding to trial.  As indicated above, the factual predicate of this claim is not supported by the record because Judge Davis clearly advised Henley of the nature of the charges he was facing and the penalties to which he was subject. Moreover, in the affidavit in support of his motion, Henley states only that "he would have agreed to a reasonable plea agreement had one been presented."  He does not state what he considers a "reasonable plea agreement" would have been.

Fourth, Henley's claim that his counsel was ineffective for failing to seek dismissal of the indictment of the Speedy Trial Act is without merit because there was no Speedy Trial violation. The record demonstrates that in light of the fact that Henley filed motions to suppress his statements and for a bill of particulars, only fifty-nine days of delay should be counted for Speedy Trial Act purposes. This is eleven days less than the seventy days permitted by the Act.

Fifth, Henley alleges that his counsel was ineffective in conducting his cross-examination of Wider.  The record establishes that in fact, the counsel's cross-examination was thorough and touched upon all of the points that should have been touched upon.  To the extent that Henley's complaint is that his counsel did not seek to exclude the testimony of Wider on the ground that the testimony violated his Sixth Amendment right to counsel, there is no evidence on the record

that Wider was acting as an agent for the government at the time that Henley made admissions to him.

Sixth, despite Henley's claim to the contrary, his counsel's cross-examination of the other cooperating witnesses was likewise thorough.

Seventh, Henley's claim that his counsel was ineffective in not procuring an expert witness to challenge the government's testimony placing cell phones used by Henley near the robbery locations fails for the reason that Henley has not made any proffer whatsoever as to what the expert would have testified about.

Eighth, Henley alleges that his counsel was ineffective for failing to request a paid informant instruction.  According to Henley, Wider was being paid for the information he gave. In fact, there is no evidence that that is so; in its opposition to Henley's motion (to which Henley filed no reply), the government represents that the snitch "never received any financial benefits or commissary deposits of any form for his testimony in the Henley trial."[1]  In any event, Judge Davis, while not mentioning pecuniary compensation in particular, instructed the jury that the testimony of witnesses who are accomplices or have pled guilty to criminal offenses "must be examined with caution and weighed with great care" and that if the jury believed that the witness was motivated by hopes of personal gain, they should consider whether the motivation was one which would cause him or her to lie or one which would cause him or her to tell the truth.

Ninth, Henley's claim that his counsel was ineffective for not objecting to the 924(c) jury instructions fails because the jury instructions were proper.  Henley appears to be under the impression that the two 924(c) charges were predicated on different crimes.  That simply is not

---

[1] Apparently, Wider was paid for information he gave two years before he testified against Henley.  Government counsel who prosecuted Henley was not aware of these payments at the time of Henley's trial.  In any event, Wider was not paid for the information about which he testified in the Henley trial.

correct.  One charge was predicated upon the Hobbs Act conspiracy count and the Wal-Mart robbery, and the other was based upon the robbery that occurred at Check Point.

Tenth, Henley's claim that his counsel was ineffective for not raising issues he should have raised on appeal fails because the issues that he alleges his counsel should have argued were meritless.

Eleventh, there is nothing in the record to support Henley's claim that he was given inadequate discovery.  Specifically, Henley was given complete discovery concerning Wider.

A separate order denying Henley's motion is being entered herewith.


Date:   February 29, 2012          _____/s/_____
                                   J. Frederick Motz
                                   United States District Judge